# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO RODRIGUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-744-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Francisco Rodriguez challenges the 168-month sentence imposed for his conviction for possession, with intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He claims the sentence is procedurally unreasonable because the district court failed to adequately explain it.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-20105

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

But, Rodriguez did not raise this issue in district court; therefore, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

At sentencing, the district court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors.  In any event, because the sentence imposed was within the advisory-Guidelines-sentencing range, little explanation of the sentence was required, *Rita v. United States*, 551 U.S. 338, 356-57 (2007); and our court will infer the district court considered the § 3553(a) sentencing factors, *e.g., United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  Therefore, even assuming *arguendo* the district court erred, Rodriguez has not shown that his substantial rights were affected. *E.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

AFFIRMED.